IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD CAMPBELL, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1801 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Anthony Bernard Campbell, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 state court felony convictions for aggravated assault against a public servant. Respondent filed a motion to dismiss based on expiration of the one-year federal habeas limitation. (Docket Entry No. 11.) Petitioner filed a response. (Docket Entry No. 12.)

After careful consideration of the motion, the response, the record, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit with prejudice as barred by limitations.

### *Procedural Background*

The jury found petitioner guilty of two counts of aggravated assault against a public servant under cause numbers 900100 and 915333 in Harris County, Texas. Punishment was assessed at fifty years incarceration. The conviction was affirmed on direct appeal, and the Texas Court of Criminal Appeals refused discretionary review on February 1, 2006.

*Campbell v. State*, No. 14-04-227-CR and No. 14-04-228-CR (Tex. App. – Houston [14th Dist.] 2005, pet. ref'd) (not designated for publication).  Petitioner's application for state habeas relief was filed on February 28, 2007, and denied by the Texas Court of Criminal Appeals on November 7, 2007, without a written order based on the findings of the trial court.  *Ex parte Campbell*, No. 68,494-01, No. 68,494-02, at covers.  The instant federal habeas petition was filed on May 14, 2008.

Respondent moves to dismiss this case as barred by the one-year federal statute of limitations under 28 U.S.C. § 2244(d).  Petitioner counters that, because the state courts found his habeas claims procedurally barred, there was no adjudication on the merits of his claim and limitations remained tolled.

## *Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Respondent argues, and the record shows, that petitioner's state convictions became final for purposes of the AEDPA limitations on May 2, 2006, ninety days after discretionary review was denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998). Accordingly, the one-year AEDPA limitation expired one year later, on May 2, 2007. Petitioner filed his applications for state habeas relief on February 28, 2007, nearly ten months into the one-year period of limitations. When the Texas Court of Criminal Appeals denied the petitions on November 7, 2007, petitioner had approximately two months remaining on the one-year period of limitations. However, petitioner did not file the instant petition until *six* months later, approximately four months after limitations expired. Respondent further argues that no grounds for statutory tolling

appear in the record, and that this pending federal habeas petition should be dismissed as barred by limitations.

In response, petitioner argues that he raised two state habeas grounds: improper denial of his motion for new trial counsel, and ineffective assistance of trial counsel. He reports that the trial court denied his ineffective assistance claims, but held that his claim for the denial of new trial counsel was procedurally barred. (Docket Entry No. 12.) Petitioner argues that, because the state courts denied the latter claim on procedural, not legal, grounds, the merits were not reached, section 2254 does not apply, and limitations has not expired. This argument has no support. Under 28 U.S.C. § 2244(d)(2), limitations is tolled during the pendency of a properly-filed state habeas petition; for purposes of limitations, section 2254 recognizes no distinction between the denial of state habeas relief on procedural and non-procedural grounds.

Petitioner neither asserts nor demonstrates any basis for other statutory tolling. He has not shown that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d) (1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save petitioner's untimely federal petition.

Case 4:08-cv-01801   Document 13   Filed in TXSD on 04/16/09   Page 5 of 5

*Conclusion*

This petition is barred by the AEDPA one-year limitation. Accordingly, respondent's motion to dismiss (Docket Entry No. 11) is GRANTED and this petition is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on April 16, 2009.

Gray H. Miller
United States District Judge